FILED
 2011 Nov-28 PM 02:41
 U.S. DISTRICT COURT
 N.D. OF ALABAMA



### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **JEFFERY LEE THOMAS,**  )  <br> ) <br> Petitioner,  ) <br> ) <br> v.  ) <br> ) <br> **WARDEN KENNETH JONES and THE**  ) <br> **ATTORNEY GENERAL FOR THE**  ) <br> **STATE OF ALABAMA,**  ) <br> ) <br> Respondents.  ) | **Civil Action Number** <br> **2:11-cv-01710-RDP** |

### MEMORANDUM OPINION

This case involves a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Petitioner Jeffery Lee Thomas, challenging the revocation of his probation in the Circuit Court of Jefferson County on his 1999 conviction for first-degree rape. (Doc. #1). After preliminary review, the Magistrate Judge assigned this case issued a Report and Recommendation finding that the petition was due to be dismissed without prejudice as an unpermitted successive petition under 28 U.S.C. § 2544(b). (Doc. #6). On November 7, 2011, Petitioner filed objections to the Magistrate Judge's Report and Recommendation, asserting that the "magistrate judge ... is still trying to lead the court to believe that the petitioner is CHALLENGING HIS 1999 CONVICTION and SENTENCE ... THE petitioner contend[s] that the petitioner's petition and CHALLENGE are clear ... HE HAS CHALLENGED HIS OCTOBER 23RD 2003, ALLEGED PROBATION REVOCATION PROCEEDINGS." (Doc. #8 at 1) (capitalization and emphasis in original).

The court has considered Petitioner's objections, but finds them to be without merit. Petitioner's previous first federal habeas corpus petition in this court (Case no. 2:09-cv-01982-RDP-JEO) and the instant petition both challenge the propriety of his probation revocation proceedings for his 1999 conviction for first-degree rape. (*See* Case no. 2:09-cv-01982-RDP-JEO, Doc. #1 at 3)

(Petitioner asserting that he is challenging "Revocation Proceedings Rule 32.2(b) attacking the revocation proceedings"). As discussed in the Report and Recommendation, the Antiterrorism and Effective Death Penalty Act of 1996 establishes a statutory pre-condition to the filing of a "second or successive" habeas petition, requiring the applicant to first obtain the authorization of the United States Court of Appeals for the Eleventh Circuit before it is filed in the district court. *See* 28 U.S.C. § 2544(b); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (*per curiam*). Because it is undisputed that Petitioner failed to obtain authorization for his second petition from the Eleventh Circuit, the court finds no error in the Magistrate Judge's conclusion that the instant petition is an unpermitted successive petition under 28 U.S.C. § 2544(b).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections filed by Petitioner, the court is of the opinion that the Magistrate Judge's Report is due to be adopted and approved. The court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the Magistrate Judge as the findings and conclusions of the court. In accordance with the Recommendation, this petition for writ of habeas corpus is due to be dismissed without prejudice to the Petitioner's right to seek authorization from the Eleventh Circuit Court of Appeal to file a successive petition. An appropriate order will be entered.

**DONE** and **ORDERED** this ____28th____ day of November, 2011.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE